**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**ANGELA NELSON,**

        **Petitioner,**

**v.**

        **Criminal Action No.: 1:13CR-55-12**
        **Civil Action No.: 1:16CV-164**
        **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On July 29, 2016, Angela Nelson ("Petitioner"), proceeding *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion"). Civil Action No. 1:16CV-164, ECF No. 1; Criminal Action No. 1:13CR55-12, ECF No. 824, 829, 860.[1] In addition, Petitioner filed a pleading to "Abridge Motion to Vacate" in light of the decision in United States v. Quintero-Leyva, 2016 WL 2865713 (9th Cir. 2016). That same day, the Clerk of the Court mailed Petitioner a Notice of Deficient Pleading, which informed her she had twenty-one (21) days to correct her Motion by filing it on the court approved form in compliance with LR PL P 3.4. [ECF No. 822]. Petitioner filed her court approved form on August 8, 2016. ECF No. 829. On November 3, 2016, Petitioner filed a Pro Se Supplement titled "Amendment 794 'Minor Role Motion'" [ECF No. 860], which the undersigned believes is intended to add an additional claim to her § 2255 Motion.

---

[1] From this point forward, unless otherwise noted, all ECF numbers refer to filings in Criminal Action No. 1:13CR-55-12.

The undersigned now issues this Report and Recommendation on Petitioner's Motion without holding an evidentiary hearing. For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss Petitioner's Motion under 28 U.S.C. §2255.

## II. <u>FACTS</u>

### A.  Conviction and Sentence

On July 9, 2013, Petitioner was one of 18 defendants named in a 48 count indictment containing a forfeiture allegation. ECF No. 7.  Petitioner was charged in three counts of the Indictment: Counts One, Twelve, and Thirteen. <u>Id</u>. On March 14, 2014, Petitioner signed a Plea Agreement by which she agreed to plead guilty to Count Thirteen of the Indictment, charging her with  distribution of heroin within 1,000 feet of a protected location, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), & 860. ECF No. 330. The Plea Agreement provided that the maximum penalty to which Petitioner would be exposed would be at least one year, but not more than forty years of imprisonment, a fine of not more than $2,000,000, or both, a period of supervised release of at least six years, and a special mandatory assessment of $100. In exchange, the United States agreed that at sentencing, it would move to dismiss the remaining counts in the indictment against her. Petitioner's plea agreement stipulated that the total drug conduct attributable to her was 80 to 100 kilograms of marijuana equivalent. The plea agreement also contained a waiver of the Petitioner's right to appeal her sentence with a base offense level of 25 or lower under the U.S.S.G.   or to challenge her sentence or the manner in which it was determined in any  collateral attack, including but not limited to, a motion brought under 28 U.S.C. § 2255.

Then United States Magistrate Judge John S. Kaull conducted a Rule 11 hearing on March 14, 2014.  During the course of the hearing, Petitioner entered a plea of Guilty to the felony charge in Count 13 of the indictment.   At the conclusion of the hearing, Magistrate Judge Kaull accepted Petitioner's plea of guilty to Count 13 of the Indictment and found her guilty on said charge as contained in Count 13 of the Indictment. Magistrate Judge Kaull then directed that a pre-sentence investigation report be prepared by probation.

The Presentence Investigation Report ("PSR") concluded that Petitioner's relevant conduct established a base offense level of 25. ECF No. 584 at 4. The PSR also indicated that based on acceptance of responsibility pursuant to USSG §§ 3E1.1 (a) and (b), Petitioner was entitled to a three level reduction, bringing her total offense level to 22. With a criminal history category of V, the guidelines provided a sentencing range of 77-96 months. ECF No. 590.

On November 24, 2014, the Court sentenced Petitioner to a term of 51 months to run consecutive to the sentence she was serving in Case No. 12-F-306 imposed by the Circuit Court of Monongalia County, West Virginia. In so sentencing, the Court adopted the PSR except that the Court used the 2014 Guidelines manual and found the Base Offense level was 23, leaving a guideline range of 63 to 78 months. ECF No. 590 at 1. Accordingly, the sentence imposed was below the guidelines range.

## B.  Direct Appeal

The Petitioner did not appeal to the United States Court of Appeals for the Fourth Circuit.

## C.  Federal Habeas Corpus and Post-Conviction Proceedings

In support of her § 2255 Motion, Petitioner appears to asserts two grounds for relief. First, she alleges that she is entitled to a minor role adjustment in her sentence and cites <u>United States v, Quintero-Leyva</u>, 2016 WL 2865913 (9th Cir. 2016) as support.[2] Second, Petitioner alleges that "pursuant to the sentencing guidelines [,] once a warrant is activated, a defendant's time starts." ECF No. 821 at 4. Petitioner notes that she was indicted in August of 2013, while she was serving a sentence imposed in state court. She further notes that she was transferred back and forth to this Court until she was sentenced on November 25, 2014, and she remained in Federal custody until December 30, 2014, but never received credit for this time as required by the sentencing guidelines. Accordingly, she requests a sentence adjustment based on "the time already served." ECF No. 829 at 14.

### III. ANALYSIS

Under § 2255, a petitioner may attack her sentence or conviction on the grounds that it  was imposed  in violation of the Constitution or laws of  the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. <u>See also</u> <u>Hill v. United States</u>, 368 U.S. 424, 426-27 (1962). In her motion, Petitioner does not claim that her sentence was illegal when imposed, that it was imposed in violation of United States' law, or that any other defects cognizable under § 2255(a) exist in this case. Instead, she argues that she should receive the benefit of an amendment to the Sentencing Guidelines that was not in effect at the time she was sentenced, and she should have been credited for time she was "in

---

[2] Although Petitioner omitted this ground in her §2255 filed on the court approved form, the undersigned has nevertheless addressed the same in this Report and Recommendation.

custody" after the warrant was issued. Both her arguments fail on substantive grounds, and moreover, her § 2255 motion is untimely.

As previously noted, Petitioner waived her right to challenge her sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under 28 U.S.C. § 2255, if sentenced at or below guideline level 25. ECF No. 328 at 3. As determined by the Court, Petitioner's total relevant conduct was found to be level 23. Therefore, because Petitioner makes no allegation that her plea agreement is invalid, Petitioner's § 2255 is barred by the waiver included in her plea agreement.

Regardless of the waiver, Petitioners § 2255 motion is untimely. In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, which established a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255.[3]

The limitation period shall run from the last of:

1.  The date on which the judgment of conviction becomes final;

2.  The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3.  The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[4] or

---

[3] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

[4] The one-year statute of limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, 545 U.S. 353, (2005).

    4.      The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In most cases, a judgment of conviction becomes final when the time for filing a direct appeal expires. Aikens v. United States, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000). There are two recognized exceptions to this general rule, which apply when a federal prisoner seeks direct appellate review of her conviction or sentence. First, if, following the disposition of her direct appeal, a federal prisoner files a petition for writ of certiorari with the U.S. Supreme Court, the conviction becomes final when the Supreme Court either denies certiorari or issues a decision on the merits. See Washington v. United States, 243 F.3d 1299, 1300 (11th Cir. 2001). Second, if the federal prisoner does not file a timely certiorari petition after disposition of her direct appeal, the conviction becomes final on the date on which the prisoner's time for filing such a petition expires, which is ninety days after entry of the judgment on direct appeal. See Clay v. United States, 537 U.S. 522, 532 (2003). In the present case, neither exception applies because Petitioner did not file a direct appeal of her conviction.

For federal prisoners, the time for filing a direct appeal expires fourteen days after the written judgment of conviction is entered on the criminal docket. See F.R.App.P. 4(b)(1)(A)(i). Therefore, Petitioner's conviction in this case became final on December 9, 2014 (fourteen days after the final judgement order). Therefore, Petitioner had until December 9, 2015, to file her habeas corpus under AEDPA. Because Petitioner did not file her section 2255 motion until July 29, 2016, it is clearly untimely because Petitioner has not set forth facts that satisfy §§ 2255 (f)(2)-(4).

The undersigned acknowledges that in her original Motion to Vacate [ECF No. 821], Petitioner claimed that her motion was timely under limitations period provided in 28 U.S.C. § 2255(f)(2). However, in order to trigger the application of this section, the movant must allege a qualifying government action. Mil v. United States, 57 F.Supp.3d 571 (E.D. Va., Oct. 24, 2014). Petitioner fails to explain how this provision applies to her case, and the undersigned can perceive no qualifying governmental action that prevented her from timely filing her motion.

Similarly, Petitioner argument in her § 2255 which is filed on the court-approved form [ECF No. 829] that her motion is timely filed under 28 U.S.C. § 2255(f)(4) also lacks merit. In her court-approved form, the only issue raised by Petition in support of relief is her claim that she should have received credit for time she spent in custody before she was sentenced. Although § 2255(f)(4) does not define "due diligence," the term has been held to ". . . at least require that a prisoner make reasonable efforts to discover the facts supporting his claims" Facundo v. United States, 2010 WL 2245992, at 3 (W.D.N.C. June 2, 2010) (quoting Anjulo-Lopex v. United States, 541 F.3d 814, 818 (8th Cir. 2008)). Here, Petitioner was fully aware of the sentence she received on November 25, 2014, and has been in the custody of the Bureau of Prisons since December 30, 2014, when she was delivered to SFF Hazelton to begin serving her federal sentence. ECF No. 624 at 2.  Clearly, Petitioner had ample opportunity to evaluate her projected release date and determine  that she was not receiving the credit to which she believes she is entitled, before her one year statute of limitations expired.

Notwithstanding her waiver of the right to file a § 2255 and the fact that her motion is untimely, the undersigned has reviewed her two claims for relief on the merits.

As discussed more fully below, neither claim has merit, and her § 2255 Motion should be denied and dismissed.

**1. Sentence Credit**

As previously outlined, Petitioner alleges that she never received credit for the time she was in custody from the date she was indicted until she was returned to State custody and requests that her sentence be adjusted accordingly. A federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). However, in some cases, a federal sentence may begin prior to the Attorney General gaining physical custody of the defendant. Where, as here, the prisoner faces both state and federal charges, the term "received in custody" is particularly important. In such instances, the concept of primary jurisdiction is applicable. Primary jurisdiction is explained in <u>United States v. Smith</u>:

> In the context of successive criminal prosecutions by different sovereignties this "chief rule which preserves our two systems of courts from actual conflict of jurisdiction" means that the sovereignty which first arrests the individual acquires the right to prior exclusive jurisdiction over him,…and this plenary jurisdiction is not exhausted until there has been complete compliance with the terms of, and service of any sentence imposed by, the judgment of conviction entered against the individual by the courts of that first sovereignty…

<u>United States v. Smith</u>, 812 F.Supp. 368, 371 (E.D.N.Y. 1993) (quoting <u>In re Liberatore</u>, 574 F.2d 78 (2d Cir. 1978)).

Primary jurisdiction remains vested in a sovereign until that sovereign relinquishes its primary jurisdiction through dismissal of the charges, bail release, parole release, or satisfaction of the sentence. <u>See</u> <u>Coles v. DeBoo</u>, No. 2:10cv70, 2010 WL

3767113 (N.D.W.Va. September 27, 2010; <u>Chambers v. Holland</u>, 920 F.Supp. 618, 622 (M.D. Pa. 1998) *citing* <u>United States v. Warren</u>, 610 F.2d 680, 684-85 (9th Cir. 1980) ("Primary jurisdiction remains vested in the state which first arrested the defendant until that jurisdiction relinquishes its priority by, e.g., bail release, dismissal of the state charges, parole release, or expiration of the sentence.").

However, the fact that a state prisoner is in federal court on a federal writ of habeas corpus *ad prosequendum* (WHCAP) does not mean that the prisoner's federal sentence has commenced.  "Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation."  <u>Id</u>. at 912.  *See also* <u>Thomas v. Whalen</u>, 962 F.2d 358, 361 n.3 (4th Cir. 1992) ("A prisoner is not even in custody for the purposes of section 3568 when he appears in federal court pursuant to a writ *ad prosequendum*; he is merely 'on loan' to federal authorities.")

The Bureau of Prisons, on behalf of the Attorney General, is responsible for calculating federal terms of imprisonment.  *See* <u>United States v. Wilson</u>, 503 U.S. 329 (1992).  The BOP must follow 18 U.S.C. § 3585(b) when calculating sentences:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence*.

(emphasis added).

In <u>Wilson</u>, the Supreme Court held that under 18 U.S.C. § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time."

<u>Wilson</u>, 503 U.S. 329 at 337.   Thus, prior custody credit cannot be awarded to a prisoner if the prisoner has already received credit towards another sentence.   *See* <u>United States v. Brown</u>, 977 F.2d 574 (4th Cir.1992) (Defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence); <u>United States v. Goulden</u>, 54 F.3d 774 (4th Cir. 1995) (credit is only available for time spent in custody which has not been credited against another sentence).

As previously noted, the Court sentenced Petitioner to be imprisoned for a total term of 51 months to run **consecutive** to the sentence she was serving in Case No. 12-F-306 imposed by the Circuit Court of Monongalia County, West Virginia. The docket sheet reflects Petitioner was borrowed from the State on numerous occasions pursuant to the issuance of multiple WHCAPs.  However, to reiterate, a jail sentence does not begin to run when a prisoner is under the custody of a WHCAP. Thus, the primary jurisdiction of a prisoner, state or federal, does not change when he or she is under a WHCAP.

The Petitioner arrived at SFF Hazelton on December 30, 2014, to begin serving her federal sentence. According to the Bureau of Prisons website, Petitioner's projected release date is September 22, 2018. To the extent Petitioner believes that the BOP has failed to credit her with all the "in custody" time to which she is entitled, she must pursue her administrative grievances with the BOP, and if still dissatisfied, file a petition for habeas relief pursuant to 28 U.S.C. § 2241.

## 2.  <u>Amendment 794[5]</u>

---

[5] Because Petitioner's pleading regarding Amendment 794 references both § 2255 and [18 U.S.C.] § 3582, the undersigned has endeavored to analyze her argument for relief under both.

Amendment 794 clarified the requirements for reducing a defendant's offense level based upon a defendant's "minor" or "minimal" role for an offense under U.S.S.G. § 3.B1.2 Amendment 794 took effect on November 1, 2015. Petitioner's conviction became final on December 9, 2014, when she failed to appeal the judgment, nearly one year prior to this amendment. In general, the court is required to use the guidelines manual in effect on the date a defendant is sentenced. See Dorsey v. United States, 132 S.Ct. 2321, 2332 (2012); U.S.S.G. § 1B1.11(a). Moreover, the Fourth Circuit has held that "[a] guideline amendment may be applied retroactively only when expressly listed in U.S.S.G. § 1B1.10[d])." United States v. Dunphy, 551 F.3d 247, 249 n.2 (4th Cir. 2009); see also United States v. Williams, 808 F.3d 253, 257 (4th Cir. 2015) (noting § 1B1.10(d) "lists the Guideline Amendments designated by the Commission for retroactive application in a § 3582(c)(2) proceeding"). As of the date of this Report and Recommendation, Amendment 794 is not listed in U.S.S.G. § 1B1.10(d) as one of the amendments to be applied retroactively. United States v. Welch, 2017 WL 1241970, at 1 (4th Cir. Apr. 4, 2017) ("Guidelines § 1B1.10(d), p.s., lists the amendments that receive retroactive application, and the list does not include Amendment 794"). Therefore, a reduction in Petitioner's sentence is not consistent with the policy statement because Amendment 794 does not apply retroactively to sentences that have become final. See Kemp v. United States, 2017 WL 455403, at 1 (E.D.N.C. Feb. 2, 2017).

The undersigned acknowledges that at least two circuits have held that Amendment 794 could apply retroactively while a case remained on direct appeal. See United States v. Quintero-Leyva, 823 F.3d 519 (9th Cir. 2016) (concluding that

Amendment 794 applies retroactively to cases on direct appeal); <u>United States v. Carter</u>, 662 Fed. Appx. 342, 348-49 (6th Cir. Oct. 3, 2016) (adopting holding in <u>Quintero-Leyva</u> within context of a case on a direct appeal). However, Petitioner has failed to identify any court that has held that Amendment 794 applies retroactively once a sentence becomes final. Therefore, because Petitioner's sentence became final when the time for her to file a direct appeal elapsed, and because Amendment 794 is not retroactive to sentences that are final, Petitioner cannot avail herself of Amendment 794 to seek a sentence reduction under 18 U.S.C. § 3582(c).

To the extent Petitioner is seeking relief under § 2255, Amendment 794 is not a newly recognized right by the United States Supreme Court as required by § 2255(f)(3). In addition, an amendment to a sentencing guideline is not a "fact" under § 2255(f)(4). Therefore, her §2255 motion, to the extent it seeks relief based on Amendment 794 is not a timely filed motion nor does it otherwise state a claim upon which relief can be granted

## IV. <u>RECOMMENDATION</u>

Based upon review of the record, the undersigned recommends that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action No. 1:16cv164, ECF No.1; Criminal Action No. 1:13cr55, ECF No. 821 be **DENIED and DISMISSED**. It is further recommended that Petitioner's "Abridge Motion to Vacate" and request for counsel [Civil Action No. 1:16cv164, ECF No. 4; Criminal Action No. 1:13cr55, ECF No. 824] be **DENIED AS MOOT**.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to the *pro se* Petitioner, Angela Nelson, by certified mail, return receipt requested, to her last known address as reflected on the docket sheet.

DATED: August 18, 2017

/s Michael John Aloi
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE