IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ANGELA NELSON,**

    **Petitioner,**

**v.**                         **CIVIL ACTION NO. 1:16CV164**
                              **CRIMINAL ACTION NO. 1:13CR55-12**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 16]
AND DENYING AND DISMISSING PETITION [DKT. NO. 1]**

On July 29, 2016, the pro se petitioner, Angela Nelson ("Nelson"), filed a petition pursuant to 28 U.S.C. § 2255, alleging that she is entitled to a sentence reduction based on her role in the offense, and for "time already served" (Dkt. Nos. 1, 6).[1] The Court referred the petition to United States Magistrate Judge Michael J. Aloi for initial screening and a Report and Recommendation ("R&R") in accordance with LR PL P 2.

Magistrate Judge Aloi's R&R recommended that the petition be denied and dismissed because, pursuant to the plea agreement, Nelson had waived the right to collaterally attack her sentence (Dkt. No. 16 at 5). The R&R further concluded that, even had Nelson not waived her right of collateral attack, she had failed to timely file her § 2255 motion. Id. at 5-7.

Notwithstanding these procedural defects, the R&R further concluded that, to the extent Nelson believes that the Bureau of

---

[1] On August 8, 2016, Nelson filed her petition on the court-approved form. (Dkt. No. 6).

Prisons (BOP) has failed to properly credit all of her time served, she has not presented her complaint through the BOP's administrative remedy process before seeking relief in this Court. Id. at 8-10. Finally, it concluded that, to the extent Nelson relies on Amendment 794 to the U.S. Sentencing Guidelines, she has not established that the amendment may be applied retroactively to sentences that have become final.[2] Id. at 11-12.

The R&R also warned Nelson that her failure to object to the recommendation within fourteen (14) days would result in the waiver of any appellate rights she might otherwise have on these issues. Id. at 13. The failure to object to the R&R not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997). To date, Nelson has not filed any objections to the R&R.

Consequently, finding no clear error, the Court **ADOPTS** the R&R in its entirety (Dkt. No. 16), **DENIES** and **DISMISSES** Nelson's petition (Dkt. No. 1), and **DENIES AS MOOT** her "Abridge Motion to

---

[2] Amendment 794 provides additional guidance to sentencing courts in determining whether a mitigating role adjustment applies under U.S.S.G. § 3B1.2.

Vacate" (Dkt. No. 4). It further **ORDERS** that this case be stricken from the Court's active docket.

### CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. If the court denies the certificate, "the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255(a). The Court finds it inappropriate to issue a certificate of appealability in this matter because Nelson has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong, and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003). Upon review of the record, the Court concludes that Nelson has failed to make the requisite showing, and **DENIES** a certificate of appealability.

It is so **ORDERED**.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 16]
AND DENYING AND DISMISSING PETITION [DKT. NO. 1]**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of this order to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

Dated: June 1, 2018.

>                     /s/ Irene M. Keeley
>                     IRENE M. KEELEY
>                     UNITED STATES DISTRICT JUDGE